UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| POCO, LLC, | |
| Plaintiff, | NO. 4:14-cv-05106-SAB |
| v. | |
| FARMERS CROP INSURANCE | **ORDER RE MOTIONS FOR** |
| ALLIANCE, INC., | **SUMMARY JUDGMENT** |
| Defendant. | |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 26; Defendant's Motion for Summary Judgment as to Breach of Contract and Unfair and Deceptive Practices Act Claims, ECF No. 27; Defendant's Motion for Summary Judgment as to Material Misrepresentation, ECF No. 28; and Plaintiff's Motion for Partial Summary Judgment. ECF No. 33. A hearing was held on March 16, 2016 in Richland, Washington. Plaintiff was represented by R. Bruce Johnston and Nathan J. Arnold. Defendant was represented by Thomas C. James, Jr. and Timothy D. Anderson. The Court took all motions under advisement.

### *Background*

POCO, LLC, is a farming business operating in Franklin County, Washington. For several years, POCO purchased farm crop insurance from Defendant, Farmers Crop Insurance Alliance, Inc. ("FCIA"). In turn, the FCIA policy was partially reinsured by the Federal Crop Insurance Corporation

**ORDER RE MOTIONS FOR SUMMARY JUDGMENT** # 1

("FCIC"). The FCIC was established by the Federal Crop Insurance Act. 7 U.S.C. § 1501 et seq.

In June 2004, FCIA informed POCO it was voiding coverage for POCO's 2003 crop year because FCIA determined POCO did not meet the definition of "Qualifying Person" under the policy and because POCO had failed to timely report and insure its potato crop and failed to apply for processing coverage on its sweet corn. POCO submitted a Demand for Arbitration. In April 2005, the Arbitrator awarded POCO indemnity plus interest in the amount of $1,454,450. The same day of the arbitration award, the United States Department of Agriculture's Risk Management Agency ("RMA") sent FCIA a letter requesting FCIA not disburse any additional claim payments under certain policies, including POCO's 2003 policy, because some of the underlying documentation for the policy was being questioned.

FCIA filed a Complaint for Declaratory Judgment Vacating Arbitration Award in district court in May 2005. The court affirmed the arbitration award in August 2005. FCIA filed a Notice of Appeal the next month. FCIA contacted RMA to seek guidance as to whether to prosecute the appeal or not. RMA replied that it could not advise as to the appeal but that the upheld arbitration award was eligible for reinsurance. A note regarding a separate phone call suggests FCIC preferred that FCIA did not continue with its appeal.

FCIA and POCO negotiated a Settlement Agreement and FCIA dropped the appeal. FCIA paid POCO $1,400,000 in payment "to settle all disputes arising out [of] the Subject Matter." Subject Matter was defined as "claims [the parties have or may have] against each other arising out of POCO's claim for indemnity under its 2003 federally-reinsured Multiple Peril Crop Insurance (MCPI) and Adjusted Gross Revenue (AGR) policies, and Farmers Alliance's handling and adjustment of said claims." The agreement was signed by FCIA and POCO representatives on November 21, 2005.

**ORDER RE MOTIONS FOR SUMMARY JUDGMENT** # 2

On January 11, 2011, POCO and its principle, Mark Peterson, were indicted by the federal government. The indictment alleged that POCO had knowingly made false statements and overvalued property for the purpose of influencing the FCIC. The indictment further claimed POCO knowingly devised a scheme to defraud the United States and FCIC. The indictment referenced the Settlement Agreement between FCIA and POCO and also listed FCIA as a victim. The charges went to trial and all counts were ultimately dismissed.

POCO brought the instant suit against FCIA alleging breach of contract, material misrepresentation, and unfair and deceptive acts and practices. POCO also seeks costs and expenses, including reasonable attorneys' fees for the instant action as well as its criminal defense.

### *Motion Standard*

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The moving party has the burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325.

In addition to showing that there are no questions of material fact, the moving party must show that it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000).  The moving party is entitled to judgment as a matter of law if the non-moving party has failed to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving

**ORDER RE MOTIONS FOR SUMMARY JUDGMENT** # 3

party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### *Analysis*

Defendant has filed three separate motions for summary judgment and Plaintiff has filed one motion for partial summary judgment. Although the specifics of each motion vary slightly, the dispositive questions are: did FCIA make a material misrepresentation when it failed to disclose to POCO that POCO was the subject of a governmental investigation, and did FCIA breach the settlement agreement by purporting to release POCO from criminal liability on behalf of the government when it did not have the authority to do so? Additionally, FCIA argues that POCO's claims are entirely preempted by federal regulation. The Court concludes FCIA is entitled to summary judgment as a matter of law on each claim.

POCO believes FCIA purported to release POCO from any possible claims FCIC or the federal government had against POCO in the Settlement Agreement. The provision POCO cites states:

> Farmers Alliance, for itself and its insurance companies, heirs, employees, agents, personal representatives, parent companies, related companies, predecessors, successors and assigns, expressly releases POCO and its insurance companies, heirs, employees, agents, personal representatives, successors and assigns, from all liability for claims, demands, judgments and liabilities of any kind whatsoever arising out of the above-described Subject Matter.

Subject Matter is elsewhere defined as the claims the parties have or may have "against each other arising out of POCO's claim for indemnity under its 2003 federally-reinsured Multiple Peril Crop Insurance (MCPI) and Adjusted Gross

**ORDER RE MOTIONS FOR SUMMARY JUDGMENT** # 4

Revenue (AGR) policies, and Farmers Alliance's handling and adjustment of said claims."

POCO argues FCIC, and therefore, the federal government, is an "insurance compan[y]" of FCIA and was covered by the release. However, it strains credibility to argue that POCO, who was ably represented by counsel, or FCIA, interpreted the release to include any claims, including criminal, the federal government may have had against POCO. It also strains a plain reading of the Settlement Agreement to argue that criminal liability could be included in the Subject Matter of the release.

If POCO truly believed that the federal government was an insurance company of FCIA simply because FCIC reinsured part of the policy, its belief was unjustified. Even if FCIC could properly be considered FCIA's insurance company, the Subject Matter of the Settlement Agreement was clearly limited to POCO's claim for indemnity under its 2003 policy and FCIA's handling and adjustment of that claim. Therefore, even if FCIA was FCIC's agent—which it was not—FCIA would only be releasing POCO from any claims relating to FCIA's handling and adjustment of the claim, not from criminal liability.

Had FCIA actually been, or held itself out as, an agent for FCIC, it does not follow that FCIA would be an agent for the United States Attorney's Office. In other words, even had FCIA explicitly purported to release POCO from the possibility of criminal sanctions, it would have been unreasonable for POCO to rely on such representations. Any lawyer should know that a private insurance company generally does not have the power to waive criminal sanctions on behalf of the United States. A contrary assumption is unreasonable.

The Settlement Agreement, as limited by the Subject Matter, does not include any waiver of criminal claims by FCIA. Even if it had, such provisions would be obviously and apparently invalid. Accordingly, POCO's claims against

**ORDER RE MOTIONS FOR SUMMARY JUDGMENT** # 5

FCIA for breach of contract and material misrepresentation fail as a matter of law. FCIA is entitled to summary judgment on those claims.

POCO's claim under the Washington Consumer Protection Act ("CPA") for unfair or deceptive acts or practices also fails as a matter of law. As previously explained, if POCO believed that FCIA was purporting to waive any possible criminal charges against POCO, such belief was unfounded and unreasonable.

The first element necessary for a CPA claim is an unfair or deceptive practice or act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 784 (1986). An act or practice is unfair or deceptive if it is reasonably likely to mislead. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 50 (2009). Reasonableness of an action is determined in light of all the facts and circumstances of a case. *Indust. Indem. Co. of the NW, Inc. v. Kallevig*, 114 Wn.2d 907, 920 (1990). To the extent POCO believed the Settlement Agreement with FCIA protected it from criminal liability, such belief was unreasonable under the circumstances. Therefore, POCO cannot meet the first element of a CPA claim and FCIA is entitled to summary judgment on the claim.

Because the Court concludes FCIA is entitled to summary judgment on the merits, it is unnecessary to analyze whether POCO's claims are preempted by federal regulation. Additionally, POCO is not entitled to attorneys' fees or costs in the instant suit, or for its criminal defense.

### *Conclusion*

POCO's claims against FCIA fail as a matter of law. FCIA's motions for summary judgment are granted. POCO's partial motion for summary judgment is denied.

Accordingly, **IT IS ORDERED:**

**1.** Defendant's Motion for Summary Judgment, ECF No. 26, is **GRANTED**.

**2.** Defendant's Motion for Summary Judgment as to Breach of Contract and Unfair and Deceptive Practices Act Claims, ECF No. 27, is **GRANTED.**

**ORDER RE MOTIONS FOR SUMMARY JUDGMENT** # 6

**3.** Defendant's Motion for Summary Judgment as to Material Misrepresentation, ECF No. 28, is **GRANTED**.

**4.** Plaintiff's Motion for Partial Summary Judgement, ECF No. 33, is **DENIED**.

**5.** Judgment shall be entered in favor of Defendant.

**6.** All previously set court dates, including the trial date, are **STRICKEN**.

   **IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order, enter judgment, provide copies to counsel and Plaintiff, and **close the file**.

   **DATED** this 25th day of March 2016.



                    Stanley A. Bastian
                  United States District Judge

**ORDER RE MOTIONS FOR SUMMARY JUDGMENT** # 7